Submitted on briefs for appellant October 13, affirmed October 25, 1927.

IN RE APPLICATION OF ORVILLE LA JESSE.

ORVILLE LA JESSE *v.* T. M. HURLBURT, SHERIFF, ET AL.

(260 Pac. 233.)

**Indictment and Information — Complaint Charging Transporting Liquor as Second Violation of Statute Held Sufficient After Plea of Guilty and Judgment Therein (Or. L., § 2224—4).**

1. Complaint charging crime of transporting and delivering intoxicating liquor as second violation of Section 2224—4, Or. L., *held* sufficient after plea of guilty and judgment therein.

**Criminal Law—Plea of Guilty Admitted That Accused Committed Crime Charged in County Where Charged, and Particular Locality was Immaterial.**

2. Plea of guilty to complaint, charging transporting intoxicating liquor, admitted that accused committed crime charged in county where charged, and particular locality in county in which he committed it was immaterial.

**Habeas Corpus—Where Petitioner had Pleaded Guilty and Been Sentenced to Jail, Question of Proper Search-warrant was Immaterial on Question of Petitioner's Illegal Imprisonment.**

3. Where petitioner had pleaded guilty to charge of transporting liquor and been sentenced to imprisonment in county jail, allegation that there was no proper search-warrant issued was immaterial on question of petitioner's alleged illegal imprisonment.

**Habeas Corpus—Where There is No Bill of Exceptions, and Petitioner was Denied Relief, Court will Presume That Court Found All Issues in Favor of Return in Habeas Corpus Proceedings.**

4. Where return of sheriff in *habeas corpus* proceedings appeared regular and sufficient, and issue had been joined as to some of

allegations of return, but there was no bill of exceptions, and petitioner was denied relief in proceedings, Supreme Court was bound to presume that court found all issues in favor of return.

Criminal Law, 16 **C. J.**, p. 402, n. 67.
Habeas Corpus, 29 **C. J.**, p. 191, n. 76, p. 195, n. 80.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. William G. Martin.*

There was no appearance for respondents.

McBRIDE, J.—The petitioner, Orville La Jesse, was arrested on a warrant issued upon a complaint filed in the Justice Court for District No. 1, of Columbia County, which complaint, omitting the title and verification, is as follows:

"Orville La Jesse is accused by this complaint of the crime of transporting and delivering intoxicating liquor committed as follows:

"The said Orville La Jesse on the 16th day of December, 1924, in the county of Columbia and state of Oregon, then and there being did then and there wilfully and unlawfully transport and deliver intoxicating liquor, which said wrongful and unlawful transporting and delivering as aforesaid was and is a second violation of section 2224—4 Olson's Oregon laws by him the said Orville La Jesse, in that the said defendant, Orville La Jesse, was on the 15th day of July, 1924, in the circuit court of the state of Oregon for the county of Columbia in that certain criminal action wherein the state of Oregon was plaintiff and the said Orville La Jesse was defendant, convicted of the crime of selling intoxicating liquor on the 2nd

day of March, 1924, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Oregon.

"(Signed)    J. H. WELLINGTON."

On being arraigned, he admitted the soft impeachment and plead guilty. He was thereupon sentenced to be imprisoned in the county jail of Columbia County for 180 days, and to pay a fine of $500, and, in case of nonpayment of said fine, to be imprisoned until the fine was paid not exceeding 250 days. At that time, and prior thereto, and at all the dates mentioned in the petition, the County Court of Columbia County had an agreement of record with the county commissioners of Multnomah County in accordance with Sections 3543 and 3545, Or. L., whereby persons, sentenced to imprisonment in the county jail of Columbia County, could be transferred to Multnomah County. Prior to the defendant's conviction, the County Court of Columbia County entered a standing order to the effect that, whenever the number of convicts in the county jail should reach eight, the sheriff of said county should transfer all future or further convicts, under control of the County Court, to the board of commissioners of Multnomah County.

When the defendant was convicted, there were already eight convicts in the Columbia County jail, and the sheriff of Columbia County, in pursuance of said order, transferred the defendant to Multnomah County, where he at once came under the control of the sheriff of Multnomah County, in whose custody he continued until the trial of this proceeding.

1-3. The petition for the writ contains a great many irrelevant matters and is too voluminous to repeat here. The first being, that the authorities

had confiscated and sold defendant's motor-boat.
Whether defendant desired a writ of *habeas corpus*
to bring the boat into court is uncertain. The second
allegation, in the petition for the writ, is that the
complaint did not state facts sufficient to constitute a
crime. While the allegations of the complaint are
somewhat meager, we are of the opinion that, after
plea of guilty and judgment therein, they are suffi-·
cient. The next allegation is that the defendant was
taken on the open waters of the Columbia River with-
out the proper warrant or authority. The plea of
guilty admitted that he committed the crime charged
in Columbia County and the particular locality in
said county in which he committed it is immaterial.
It is also alleged that there was no proper search
warrant issued. What on earth this has to do with
defendant's alleged illegal imprisonment, we are at a
loss to determine. The whole petition, as well as the
reply to the sheriff's return, is a mass of irrelevant
matter unworthy of discussion.

4. The return of the sheriff of Multnomah County
which sets up the judgment of the Justice Court
upon defendant's plea of guilty; the agreement be-
tween the County Court of Columbia County and the
commissioners of Multnomah County in relation to
the transfer of a petitioner to the latter county; the
fact that the petitioner has not served his time, or
paid his fine; the order of the County Court of Co-
lumbia County directing the sheriff to transfer con-
victs to Multnomah County when the number should
exceed eight; all of these matters appear regular and
sufficient. It is true, issue was joined as to some of
the allegations of the return, and testimony was taken
on the hearing before the Circuit Court, but there
is no bill of exceptions here and we are therefore

required to presume that the court found all the issues in favor of the return. On such matters as do appear in the record here, the petitioner had no standing in court.

The judgment of the Circuit Court is affirmed, and, as it appears that the defendant gave an undertaking of bail with two sureties to appear and abide the decision here rendered on appeal, the cause is remanded to the Circuit Court with directions to require the defendant so to appear, or, in case of nonappearance, to take such steps as may be necessary to secure a forfeiture of his undertaking.

AFFIRMED.